(No. 86-CC-2102—)

W. PAUL TEDDER, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 4, 1988.*

W. PAUL TEDDER, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

Claimant in this case was a resident of the Illinois Department of Corrections. He is seeking to recover money damages from the Respondent on the basis that his personal property was either lost or converted by agents of the Respondent.

Claimant alleges that beginning on September 20, 1985, he was moved about by the Department of Corrections. He further alleges that his personal property was packed in boxes and later lost by agents of the Respondent. He claims that the property lost was worth two hundred seven dollars and forty cents ($207.40). That property included throw rugs, a Samsonite briefcase, keys, and a magnifying glass. These items had been confiscated by the Illinois Department of Corrections and held under their rules and regulations.

At the hearing in this cause before the Commissioner, there was virtually no dispute as to the factual basis of the Claimant's complaint. Indeed, the Respondent admitted to the loss of Claimant's property and further admitted that the throw rugs, Samsonite briefcase, keys, and magnifying glass were being held by the Respondent as "contraband." Accordingly, there is no issue as to the Claimant's entitlement to an award for that property other than the property being held by the Respondent was "contraband."

Claimant asserted that the Respondent's institutional regulations as to "contraband" were unconstitutional. In effect, the Claimant has asked the Court of

Claims to declare that procedures of the Illinois Department of Corrections to be in violation of certain statutes in the constitutions of both the State of Illinois and the United States. Claimant is further asking to be awarded the fair value of such property removed from his ownership pursuant to such regulations.

The Court of Claims simply does not have jurisdiction to consider such a claim. This Court cannot consider the constitutionality or validity of either regulations or statutes.

Insofar as that part of the claim concerning property not being held as contraband, the Claimant describes the value for that part of his property as being $134.40. Since all of these items have been used, there will be some reduction in their value.

We therefore award the Claimant one hundred dollars ($100.00) to cover the value of that property which was indeed lost by agents of the Respondent.

We hereby deny the Claim as to those items of property which are being held by the Respondent pursuant to regulations of the Illinois Department of Corrections.